ROBINSON *et al. v.* UNITED STATES FIDELITY & GUARANTY Co.

(Division A. Jan. 5, 1931.)

[131 So. 542. No. 29060.]

**F. J. Lotterhos**, of Jackson, for appellants.

Butler & Snow, of Jackson, for appellee.

Argued orally by **F. J. Lotterhos,** for appellant.

**Cook, J.,** delivered the opinion of the court.

The appellants, S. A. Robinson and E. B. Robinson, partners, trading under the firm name of Robinson Bros. Motor Company, instituted this suit in the circuit court of Hinds county against the appellee, the United States Fidelity & Guaranty Company, on a public liability indemnity insurance policy, by the terms of which appellee undertook to indemnify the appellants "against

liability for loss and/or expenses arising or resulting from claims upon the assured for damages in consequence of an accident occurring within the limits of the United States and Canada during the term of this policy resulting in (a) bodily injury, or death resulting at any time therefrom, suffered by any person or persons not herein excepted.'' The said policy further provided that ''the company does hereby agree (c) to defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, on account of damages suffered, or alleged to be suffered under the circumstances hereinbefore described; (d) to pay the expenses incurred in defending any suit described in the preceding paragraph . . . (e) to reimburse the assured for the expense incurred in providing such immediate surgical relief as is imperative at the time of any accident covered thereunder.''

The declaration was in two counts; the first count alleging, in substance, that on or about the 25th day of May, 1928, and at a time when the aforesaid insurance contract was in full force and effect, one G. E. Wells was injured while in the place of business of the appellants, by Dyer Runnells, a salesman employed by the appellants, and that immediately thereafter the appellants carried the said Wells to a hospital for necessary surgical attention,. and thereby became liable to pay the sum of five dollars for medical attention to the said Wells, which was thereafter paid by them. It was further averred that the said Wells thereafter filed a suit against the appellants for damages in the sum of five thousand dollars on account of said injuries, alleging, in substance, that, while he was in the appellants' place of business said Dyer Runnells, appellants' agent and employee, without justification or excuse, violently assaulted and struck him a severe blow, and thereby seriously injured him.

It was then averred in the declaration in the case at bar that the appellants gave prompt notice to the ap-

pellee of the suit filed by the said Wells, and called upon it to defend said suit, but it failed and refused so to do, claiming that it was not bound or obligated to do so by its insurance contract; that the appellants thereupon gave notice to appellee that they would proceed to defend the suit, but would expect the appellee to pay the costs and expenses thereof and any judgment recovered by the said Wells, as provided by said insurance contract; that appellants then employed attorneys and successfully defended the suit, the result of the trial being a judgment and verdict for the defendants therein, appellants herein; that the appellants agreed to pay, and paid, their attorneys three hundred fifty dollars for defending the suit in the trial court, which was a reasonable fee for so doing, and that the appellants then demanded of appellee that it reimburse them to the extent of the fee so paid; but it refused so to do.

It was further averred that the said Wells perfected an appeal of the case to this court, and thereupon the appellants advised appellee that they would expect it to defend said cause on appeal, but it refused to do so; that they thereupon employed attorneys to represent them on said appeal, and the cause was successfully defended, resulting in an affirmance of the judgment of the trial court, Wells v. Robinson Bros. Motor Co., 153 Miss. 451, 121 So. 141. It was further alleged that the appellants paid to this attorney the sum of one hundred twenty-five dollars for representing them on the said appeal, that said sum was a reasonable fee for the services rendered, and that appellee failed and refused to defend the said cause, and to pay any of the amounts expended by them in the defense thereof, and prayed for a judgment of four hundred eighty dollars, the amount of the attorneys' fees and the medical bill paid by them.

In addition to the facts set forth in the first count, the second count of the declaration alleged that the appellee had, by its wrongful conduct in breaching the insurance

contract, and refusing to defend the suit, and refusing to reimburse the appellants for the costs and expenses thereof, caused them to suffer additional costs and expenses in the form of attorneys' fees for the prosecution of the present action against it to recover said amounts; that the purpose and intent of said insurance contract as disclosed by its terms is to fully indemnify and protect them against expenses or loss on account of claims made against them, and covered by the insurance contract; that the failure and refusal of the appellee to recognize its obligation under said contract had necessarily caused the plaintiffs to incur additional attorneys' fees, which, if they be required to pay them without recourse over against the appellee, will result in said appellants receiving less than full protection under said policy, and will result in an actual loss to them on account of said claim made against them to the extent of said attorneys' fees incurred and paid by them in the prosecution of their demand against the appellee; and that a reasonable fee to be paid by them to their attorneys in this suit would be the sum of two hundred dollars, for which sum a judgment was demanded.

To the first count of the declaration the appellee filed a special plea, averring that the injury, or alleged injury, sustained by the said Wells, and for which the suit described in plaintiff's declaration was brought against the appellants, was not in consequence of an accident, in the contemplation of the obligations of the defendant, as in said policy set forth, but such injury or injuries were caused proximately and solely by the willful act of one Runnells, a salesman employed by the appellants, and was not such a suit as the appellee, by said contract of insurance, had undertaken and agreed to defend, etc. It also filed a special plea, setting up that the injury was caused by the willful and unlawful act of the said Runnells, and that, "if said contract be construed so as to include and cover and indemnify such willful act of as-

sault and battery as that complained of in the original suit filed against plaintiffs, then the contract is calculated to promote illegal acts, and if so construed is based on illegal objects and accordingly is violative of public policy and is void.'' To these special pleas the appellants interposed demurrers, which were overruled. To the second count of the declaration a demurrer was filed, and was by the court sustained; and, the appellants having declined to amend the second count, or to plead further in reply to the special plea to the first count, judgment was entered in favor of the appellee insurance company, from which this appeal was prosecuted.

The assignments of error, which are based upon the action of the court below in overruling the demurrers to the special pleas to the first count of the declaration, present two questions for decision, which may be stated as follows:

''Are injuries sustained by a person who is wilfully assaulted by the agent of another 'accidental' within the terms of a public liability policy held by the employer of the person making the assault?

''If such injuries are accidental and covered by said policy, does said contract thereby become void as violative of public policy?''

Since this cause was heard in the court below, this court has expressly decided these two questions, the first one in the affirmative, and the second in the negative. In the case of Georgia Casualty Co. v. Alden Mills, 156 Miss. 853, 127 So. 555, Division B. of the court held that ''one assaulted by insured's employees sustained 'accidental injury' within policy indemnifying employer against loss from claims for injuries accidentally suffered;'' and, further, that the ''policy was not void because its effect was to indemnify insured against consequences of illegal acts of employees in assaulting another.''

This case is controlling here, and requires a reversal of the judgment of the court below in so far as it overrules

the demurrers to the special pleas, unless it is overruled, and counsel for the appellees so concede. They contend, however, that the Georgia Casualty Company Case, supra, was erroneously decided, and strongly urge that it be overruled; and, in support of their contention, they rely principally upon the cases of Briggs Hotel Co. v. Accident & Liability Insurance Co., Limited, 213 Ill. App. 334, and Commonwealth Casualty Co. v. Headers, 118 Ohio St. 429, 161 N. E. 278. In the opinion in the Georgia Casualty Company Case, supra, these two cases were considered and treated as holding contrary to the doctrine therein announced: The questions decided in the ·Georgia Casualty Company Case seem to have been thoroughly considered, and in our opinion the conclusions there reached are in accord with reason and authority, and should be adhered to.

In our opinion, the action of the court below in sustaining the demurrer to the second count of the declaration was correct. In order for the cause of action attempted to be set forth therein to be sustained, the basis therefor must be found in the terms, provisions, and conditions of the policy of insurance sued on. We find nothing in the terms and conditions of the policy obligating the appellee to reimburse the appellants for the attorneys' fees incurred in the prosecution of this suit. The judgment of the court below, sustaining the demurrer to the second count of the declaration, will therefore be affirmed; but in all other respects it will be reversed, and the cause remanded.

Affirmed in part, and reversed in part, and remanded.