Womack, et al. *v.* Employers Mutual Liability Ins. Co. of Wisconsin

No. 40689 March 17, 1958 101 So. 2d 107

*T. E. Davis,* Jackson, for appellants.

*Watkins* & *Eager,* Jackson, for appellee.

112

ROBERDS, P. J.

Appellants brought this action to recover a personal judgment against appellee for the sum of $616.49. In this opinion we shall call appellants "Womack" and appellee "The Insurer." Womack had paid said sum to his attorney to defend two suits which had been brought against Womack by S. R. Latta. Womack operated a repair shop in Jackson, Mississippi. He had with The Insurer what is labeled a "Garage Liability Insurance Policy." Womack contends the policy obligated The Insurer to reimburse him the said amount he paid his attorney to defend the Latta suits. The foundation of the Latta suits was alleged imperfect mechanical work Womack had performed upon two motor vehicles belonging to Latta. The Insurer says the policy does not cover such a situation, and it was not obligated to defend said suits. Its general demurrer was sustained in the lower court. Womack refused to amend and prosecuted this appeal. A copy of the insurance policy, and copies of the two declarations in the Latta suits, detailing the facts and circumstances Womack claims obligated The Insurer to pay Womack's attorney to defend the Latta suits, were attached as a part of Womack's declaration. The general demurrer was addressed to the facts and circumstances thus developed.

Latta's declarations were filed March 13, 1956. In one he asserted that in June, July and August, 1955, Womack undertook "the replacement of certain valves" in an auto car truck. These, he asserted, should have been exhaust valves and Womack installed intake valves. He said the truck "continued to lose oil, and while being

used about Latta's business it broke down" while being operated in Louisiana on or about January 16, 1956, resulting in money damage to Latta in the sum of $538.50.

In the other declaration Latta asserted that in September, 1955, he delivered to Womack a Mack truck "to make repairs on said truck including the replacement of the air compressor head." Latta charged that the vehicle needed a "dry" compressor head and Womack installed a "wet" compressor head; that the compressor installed by Womack "was the improper air compressor head for use on the motor * * *"; that in order to repair the motor and remedy the defects he paid out the sum of $1,256.70, for which amount he brought suit.

Counsel for Womack successfully defended against both suits, for which services he was paid by Womack said sum of $616.49.

 █ It is urged by Womack that the terms of the policy obligated The Insurer to reimburse him said sum. It is contended by The Insurer, (1) that the policy here involved is not what is called a products policy, under which The Insurer guarantees the character of the work; (2) that liability, if any, of The Insurer had to be grounded in an accident, and the alleged defective work by Womack did not constitute an accident; and (3) that, in no event, would liability attach to The Insurer where the circumstances giving rise to liability occurred after the work had been completed. We deem it necessary to decide only the first two propositions.

As to the nature and kind of policy, the insuring agreement obligated The Insurer to "pay on behalf of the insured" bodily injury liability, property damage liability, automobile medical payments, and injury to, or destruction of, property of others. The undertaking is to pay on behalf of the insured all such amounts as the insured shall become legally obligated to pay under these general heads, described as coverage A, B, C and D. The policy nowhere binds The Insurer to guarantee the type

of work Womack was to do at his shop. The cases note that a special premium is charged for what is termed "Products Policy"—one which guarantees the quality of the work—and if the insured desires such coverage he can obtain it by paying the extra premium.

In addition to this, the undertaking of The Insurer is to pay on behalf of the insured such sum as The Insured should become legally obligated to pay "caused by accident." The provision with reference to accident is embodied in all four of the coverages above mentioned, Bodily Injury Liability, Property Damage Liability, Automobile Medical Payments and Property of Others in charge of Named Insured.

Counsel for Womack seems to concede that liability of The Insurer must rest in an accident, but he says the defective work by Womack was an accident under the terms of the policy. He cites and relies upon Georgia Casualty Company v. Alden Mills, 156 Miss. 853, 127 So. 555, in which this Court said: "Whether an injury is accidental, is to be determined from the standpoint of the person injured. If the injury comes to him through external force, not of his choice or provocation, then as to him the injury is accidental." In that case the policy covered "damages on account of bodily injuries accidentally suffered." The insured was willfully and maliciously assaulted by a servant of defendant without provocation on the part of the person assaulted. That definition was approved in Robinson v. United States Fidelity & Guaranty Company, 159 Miss. 14, 131 So. 542. The facts in those two cases are quite different from the facts in the case at bar. There plaintiffs were victims of unprovoked personal assaults. Here, at most, Womack was guilty only of defective workmanship which resulted in money damage to Latta.

In North American Accident Insurance Company v. Henderson, 180 Miss. 395, 177 So. 528, and in New York Life Insurance Company v. Wood, 182 Miss. 233, 180

So. 819, this Court defined the word "accidental", as used in the policies involved in those cases, as meaning undesigned, unintended, unexpected, and unpremeditated. Reference was made to this definition in Byrd, et al. v. Reserve Life Insurance Company, 217 Miss. 761, 65 So. 2d 249. In the case at bar Womack intended to make the repairs upon Latta's motor vehicles and in the very manner in which the work was done. There was nothing unintended or undesigned involved in Womack's actions.

In Words and Phrases, Permanent Edition 1, page 294, the author deduced this definition of accident: "An 'accident', within the meaning of an insurance policy, is an event happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected", citing many cases.

In Volf v. Ocean Accident & Guarantee Corporation, 316 P. 2d 651, (California), a building contractor used defective materials in the construction of the building. The Court held that this could not be classed as an accident.

Many definitions of "accident" are given in the books. Under none of them are we able to see that the work done by Womack on Latta's motor vehicles can be classed as an accident.

We are not to be understood as holding that The Insurer is not obligated to defend a suit against the insured except in cases where the declaration states a good cause of action. Paragraph II of the policy obligates The Insurer to so defend even though "such suit is groundless, false or fraudulent", but the suit must be grounded in some state of facts which may give rise to a cause of action under the policy. The declaration may fail to state a good case, and yet the insurer be obligated to defend, if the suit "respects the insurance afforded by the terms of the policy."

Affirmed.

*Hall, Lee, Kyle* and *Gillespie, JJ.,* concur.