## TRAVELERS INSURANCE COMPANY, Appellant,

v.

## Kelsey VOLENTINE, d/b/a Volentine Automotive, Appellee.

### No. 8624.

Court of Civil Appeals of Texas, Texarkana.

Feb. 27, 1979.

Rehearing Denied March 27, 1979.

Michael Stevens, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

· Sherman A. Kusin, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellee.

CORNELIUS, Chief Judge.

This case involves the interpretation of a garage liability insurance policy. Kelsey Volentine, a garage owner and the insured under the policy, sought a declaratory judgment that the insurer, Travelers Insurance Company, was obligated to defend him in a lawsuit brought by Bobby Garrard. Volentine had performed a "valve job" on Garrard's automobile, and Garrard sued Volentine claiming that by reason of defective performance of the work a valve keeper

failed to function, resulting in the destruction of the entire engine. Both Volentine and Travelers filed motions for summary judgment, and the motion of Volentine was granted. Travelers brings this appeal, contending that the policy afforded no coverage for the damages sought by Garrard, and consequently it had no obligation to defend Garrard's suit.

The insurance policy contained the following provision:

"I. Garage Liability
Coverage G—Bodily Injury Liability
Coverage H—Property Damage Liability

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of

Coverage G. *bodily injury* or
Coverage H. *property damage*

to which this insurance applies, caused by an *occurrence* and arising out of *garage operations*, including only the *automobile hazard* for which insurance is afforded as indicated in the declarations, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."

. . . . .

" 'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured*;"

■ First, Travelers argues that the general coverage provisions of the policy exclude Garrard's claim because his damages were not caused by an accident, and

the policy provides coverage only for liability due to an "occurrence," which the policy defines as an accident. We cannot agree. The term accident, as used in a policy of this type, means an unexpected, unforeseen or undesigned happening or consequence from either a known or unknown cause. *Employers Casualty Company v. Brown-McKee, Inc.*, 430 S.W.2d 21 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); *Bundy Tubing Company v. Royal Indemnity Company*, 298 F.2d 151 (6th Cir. 1962); *Hauenstein v. St. Paul-Mercury Indemnity Company*, 242 Minn. 354, 65 N.W.2d 122 (S.Ct.1954). Although the allegedly defective *performance* of the work itself might or might not be considered an accident (see *Womack v. Employers Mutual Liability Ins. Co. of Wisconsin*, 233 Miss. 110, 101 So.2d 107 (S.Ct.1958)), yet the destruction of the entire engine as a result of the malfunction of one of the repaired valves was certainly unexpected and unintended, and constituted an accident within the meaning of the policy provisions.

■ Second, Travelers urges that coverage was specifically denied by the policy exclusions. Among those exclusions is the following:

"This insurance does not apply, under the Garage Liability Coverages:

. . . . .

(k) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;"

Travelers contends that exclusion (k) denies coverage for all damages *due* to work performed by the insured, or materials, parts or equipment furnished in connection therewith. But the language of the exclusion does not refer to damages *due* to work performed; it refers to damages *to* the work performed. Similar and even identical policy provisions have on many occasions been construed by the courts, and it has been uniformly held that a liability policy containing such an exclusion does not insure the policyholder against liability to repair or replace his own defective work or product,

but it does provide coverage for the insured's liability for damages to other property resulting from the defective condition of the work, even though injury to the work product itself is excluded. *Haugan v. Home Indemnity Company*, 197 N.W.2d 18 (S.Ct.S.D.1972); *Hartford Accident & Indemnity Co. v. Olson Bros., Inc.*, 187 Neb. 179, 188 N.W.2d 699 (S.Ct.1971); *Engine Service, Inc. v. Reliance Insurance Company*, Wyo., 487 P.2d 474 (1971); *Bryan Const. Co. v. Employers' Surplus Lines Ins. Co.*, 110 N.J.Super. 181, 264 A.2d 752 (S.Ct. 1970); *Dakota Block Co. v. Western Casualty & Surety Co.*, 81 S.D. 213, 132 N.W.2d 826 (S.Ct.1965); *Bundy Tubing Company v. Royal Indemnity Company*, supra; *Kendall Plumbing Co. v. St. Paul Mercury Ins. Co.*, 189 Kan. 528, 370 P.2d 396 (S.Ct.1962); *Volf v. Ocean Accident & Guarantee Corporation*, 50 Cal.2d 373, 325 P.2d 987 (S.Ct.1958); *Hauenstein v. St. Paul-Mercury Indemnity Company*, supra; *Franks v. Guillotte*, 248 So.2d 626 (La.Ct.App.1971); *Vobill Homes, Inc. v. Hartford Accident & Indemnity Co.*, 179 So.2d 496 (La.Ct.App.1965); *Heyward v. American Casualty Co. of Reading, Pa.*, 129 F.Supp. 4 (E.D.S.C.1955). The decisive question then becomes: What was Volentine's work product? The entire engine, or merely the valve repair?

Travelers' obligation to defend Volentine in Garrard's suit must be judged by the allegations of the petition. Nowhere in that petition is it alleged that Volentine performed work on any part of the engine except the valves. Thus, judged by the allegations of the petition, it appears that Volentine's work or work product was the repair of the valves only, and that other parts of the automobile engine would constitute "other property" under the rule of interpretation which applies to exclusion (k). To the extent those other parts were damaged or destroyed and Volentine is liable therefor, the policy affords coverage. We have been unable to find an exact parallel in the reported cases, but several are analogous and instructive. For example, in *Bundy Tubing Company v. Royal Indemnity Company*, supra, the insured furnished tubing which was embedded in a concrete floor

as part of a heating system. The tubing was defective and had to be removed by tearing out the concrete floor and pouring a new one. The court held that, although the cost of replacing the defective tubing was not covered by the policy, the liability of the insured for the cost of tearing out and replacing the concrete floor was covered. And in *Hauenstein v. St. Paul-Mercury Indemnity Company*, supra, defective plaster was placed on a building and later had to be removed. The court held that the cost of the plaster itself was excluded from coverage, but that damage to the building as a result of the presence of the defective plaster thereon was within the coverage provided by the policy. Two other cases, by reason of their distinguishing characteristics, are also enlightening. In *Franks v. Guillotte*, supra, the garage owner overhauled a truck engine. When the overhaul had to be redone because of defective work, the court held there was no coverage under the policy because the insured was simply repairing or replacing his own defective work. And in *Engine Service, Inc. v. Reliance Insurance Company*, supra, the garage owner rebuilt a heavy motor for an oil field truck. Because of defective performance of the work, the engine had to again be rebuilt. When the truck owner sought to recover the cost of the second rebuilding job, it was held that the repairman's garage liability policy did not afford coverage because the only damage claimed was to the work performed by the insured. In both of those cases the repairmen had performed work on the entire engine—not, as here, merely upon the valves or other components.

The trial judge found that coverage was also afforded by virtue of exclusion (a) which provided that the policy would not apply:

"(a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract*; but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;"

In that finding we believe the trial court erred. Exclusion (a) does not grant or extend coverage. It simply removes breach of implied warranty of fitness, quality or workmanship from the specific exclusion relating to contractual liability. *Haugan v. Home Indemnity Company*, supra.

 The petition of Garrard against Volentine sets forth a claim of possible coverage provided by the insurance policy, and it was the obligation of Travelers to defend the suit, at least until it could confine the claims to a recovery that the policy did not cover. *Bundy Tubing Company v. Royal Indemnity Company*, supra.

The judgment of the trial court is affirmed.