Pete SARABIA, d/b/a Pete's Diesel
Service, Appellant,

v.

AETNA CASUALTY AND SURETY
COMPANY, Appellee.

No. 08–87–00144–CV.

Court of Appeals of Texas,
El Paso.

Feb. 24, 1988.

Lawrence L. Barber, Jr., Odessa, for appellant.

W. Stacy Trotter, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

Pete Sarabia, d/b/a Pete's Diesel Service, appeals from a denial of an insurance coverage claim. We affirm the judgment of the trial court.

Point of Error No. One asserts that the trial court erred in granting summary judgment in favor of Appellee, Aetna Casualty and Surety Company.

Pete Sarabia, d/b/a Pete's Diesel Service, owned and operated a garage that repaired diesel truck engines. Appellee, Aetna Casualty and Surety Company, issued to Appellant a comprehensive liability policy which covered certain garage operations. Appellant did a major overhaul on a customer's diesel truck engine. The major overhaul was unsuccessful and the truck was returned to Appellant, and it was determined that Appellant had failed to insert certain parts inside the engine which resulted in damage to the engine. Appellant repaired the engine without charge to the customer and then filed a claim with the Appellee to recover the costs incurred in the re-repair job which was in excess of $15,000.00. Appellee denied the claim contending that the claim was excluded under the policy.

The sole question involved is interpretation of the exclusionary clause in the garage liability coverage which is stated as follows:

> This insurance does not apply under the garage liability coverages:
>
> (k) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work of any portion thereof, or out of materials, parts or equipment furnished in connection therewith; ....

Was there insurance coverage for damage resulting from Appellant's own defective work? The answer is "no."

It is uniformly held that a liability policy containing such an exclusion does not insure the policyholder against liability to repair or replace his own defective work or product, but it does provide coverage for the insured's liability for damages to other property resulting from the defective condition of the work even though the injury to the work product itself is excluded. *Travelers Insurance Company v. Volentine,*

578 S.W.2d 501 (Tex.Civ.App.—Texarkana 1979, no writ).

The Appellee properly pled the exclusion provision of the policy as a defense; therefore, Appellant had the burden of proving that the loss was not within the exclusion from coverage provision. *Sherman v. Provident American Insurance Company,* 421 S.W.2d 652 (Tex.1967); *Shaver v. National Title & Abstract Co.,* 361 S.W.2d 867 (Tex.1962). This was a "major overhaul" and no damage was shown to exist after the overhaul other than what Appellant had repaired, replaced or reworked. Therefore, Appellant's claim falls within the exclusionary clause.

Point of Error No. One is overruled.

We affirm the judgment of the trial court.