IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-20423
Summary Calendar
_____


BRAD TAYLOR
d/b/a Taylor System of Houston,

                                    Plaintiff-Appellant,

        v.


TRAVELERS INSURANCE COMPANY,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 93 2342)
_____
(November 11, 1994)
Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Appellant Brad Taylor appeals from the district court's grant

of summary judgment for Travelers Insurance Company ("Travelers")

on the issue of the duty to defend.  We affirm the judgment of the

district court.

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

## I. BACKGROUND

The Case Corporation ("Case") hired Brad Taylor through his business, the Taylor System of Houston, to remove ferrous oxide from hundreds of car exteriors that were damaged while parked at the Case plant in Racine, Wisconsin. Taylor began the repairs at the Case facility on April 11, 1989. Chemicals were used to remove the ferrous oxide, but unfortunately, damage was caused to the finish of many of the vehicles. Taylor attempted to repair the damage in the summer of 1989, but Case was not satisfied. As a consequence, Case sued Taylor in February of 1992, seeking reimbursement for the cost of correcting Taylor's defective work and a declaratory judgment that it did not owe Taylor on the initial contract.

Taylor requested that Travelers defend him in the Case lawsuit pursuant to Taylor's garage liability insurance policy. In December 1992, Travelers refused to defend Taylor, claiming that the Case lawsuit involved areas of excluded coverage under the policy. After settling with Case, Taylor sued Travelers for Case's recovery -- a recovery which, according to Taylor, resulted from Travelers' refusal to defend and its denial of coverage. Travelers removed the lawsuit to federal court, and filed a motion for summary judgment on the issue of the duty to defend.

In a May 13, 1994 opinion, the district court granted Travelers motion based on the "insured's work exclusion" and the "bailment exclusion" found in Taylor's policy. As the district court explained:

> The insurance excludes coverage for damage to property that results from the work done on it by the insured. Texas recognizes the validity of this exclusion. Case sought to recover only for the damage to the cars' paint from the cleaning done by Taylor. The insured's work exclusion in the insurance contract covers it. Travelers has no duty to defend Taylor against that claim.
>
> . . .
>
> Under another exclusion, there is no coverage for property damage when the property is in the insured's care, custody, or control. Texas courts have limited this type of exclusion to damage done to the object of the insured's work and other objects the insured "totally and physically manipulates." Taylor performed the work on Case's property, but Taylor had immediate supervision of the vehicles. Being the subject of the repairs, the finishes were an essential part of Taylor's work, so here the work falls under the exclusion in the policy.

(citations omitted). Taylor appeals this grant of summary judgment for Travelers.

## II. STANDARD OF REVIEW

We review the district court's grant or denial of summary judgment de novo, "reviewing the record under the same standards which guided the district court." Gulf States Ins. Co. v. Alamo Carriage Serv., 22 F.3d 88, 90 (5th Cir. 1994) (internal quotations omitted). Summary judgment is proper "when no genuine issue of material fact exists that would necessitate a trial." Id. In determining on appeal whether the granting of summary judgment was proper, we view all factual questions in the light most favorable to the non-movant. See Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994).

Texas law governs this diversity action and informs the interpretation of the insurance policy.[1]  See Fireman's Fund Ins. Co. v. Murchison, 937 F.2d 204, 207 (5th Cir. 1991); Atlantic Mut. Ins. Co. v. Truck Ins. Exch., 797 F.2d 1288, 1291-92 (5th Cir. 1986).  Whether a liability insurer has a duty to defend is generally reviewed de novo as a question of law.  See, e.g., Fidelity & Guaranty Ins. Underwriters, Inc. v. City of Kenner, 894 F.2d 782, 783-85 (5th Cir. 1990).

### III.  ANALYSIS AND DISCUSSION

### A.  The "Eight Corners" Rule

Under Texas law, a court determines an insurer's duty to defend "by examining the allegations in the petition filed against the insured and the relevant insurance policy."  Gulf States Ins., 22 F.3d at 90.  As one court described:

> Under this analysis we cannot consider anything outside (a) the policy and (b) the pleadings, even if there is evidence tending to show [that] the suit is utterly specious.  The effect of this "eight corners rule" is to minimize uncertainty in assessing a liability insurer's duty, as well as to favor the insured in cases where the merits of the action may be questionable.

Feed Store, Inc. v. Reliance Ins. Co., 774 S.W.2d 73, 74-75 (Tex. App. -- Houston [14th Dist.] 1989, writ denied); see also American Alliance Ins. Co. v. Frito-Lay, Inc., 788 S.W.2d 152, 153-54 (Tex. App. -- Dallas 1990, writ dism'd) ("This [eight corners] rule requires the trier of fact to examine only the allegations in the complaint and the insurance policy in determining whether a duty to

---

[1]     The parties do not dispute that Texas law governs the disposition of this appeal.

defend exists. . . . The duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit."). Similarly, the Texas Supreme Court has noted that:

> [a]n insurer is required to defend only those cases within the policy coverage. Furthermore, the insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage. If the petition only alleges facts excluded by the policy, the insurer is not required to defend.

Fidelity & Guaranty Ins. Underwriters, Inc. v. McManus, 633 S.W.2d 787, 788 (Tex. 1982); see also Gulf States Ins., 22 F.3d at 90 ("[W]hen the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend."). Finally, it is important to understand that "[i]t is not the cause of action alleged which determines coverage but the *facts* giving rise to the alleged actionable conduct." Adamo v. State Farm Lloyds Co., 853 S.W.2d 673, 676 (Tex. App. -- Houston [14th Dist.] 1993, writ denied), cert. denied, 114 S. Ct. 1613 (1994). Simply put, "[i]f a petition alleges **facts** that, *prima facie*, exclude the insured from coverage, the insurer has no duty to defend." Id. at 677 (emphasis added).[2]

---

[2] In his brief, Taylor asserts that Travelers should have conducted a minimal investigation into the Case-Taylor lawsuit before declining to defend. Such an investigation, however, is not required under Texas law. As one court wrote:

> [Appellants] contend that where there is a variance between the allegations of a petition and the known or ascertainable facts, the insurer cannot rely on the allegations in the petition, but rather must ascertain if the facts in reality fall within the exclusion before declining to defend; that even though a petition in a damage suit against the insured may have alleged

5

## B. "Work You Performed" Exclusion

Taylor's garage insurance policy with Travelers contained the following exclusion from coverage:

> WORK YOU PERFORMED
> Property damage to work you performed if the property damage results from any part of the work itself or from the parts, materials or equipment used in connection with the work.[3]

This type of "business risk" exclusion is quite common in liability policies, as such policies "provide protection to the insured for personal injury or for property damage caused by the completed product, **but not for the replacement and repair of that product**." T.C. Bateson Constr. Co. v. Lumbermens Mut. Casualty Co., 784 S.W.2d 692, 694-95 (Tex. App. -- Houston [14th Dist.] 1989, writ denied) (emphasis added); see also Travelers Ins. Co. v. Volentine, 578 S.W.2d 501, 503-04 (Tex. Civ. App. -- Texarkana 1979, no writ) ("[I]t has been uniformly held that a liability policy containing such an exclusion does not insure the policyholder against

---

facts that relieved the insurer of its duty to defend, the insurer is a under a duty to ascertain facts of the cause of action before declining to defend. **Such is not our law**.

Amundsen v. Great Central Ins. Co., 451 S.W.2d 277, 278 (Tex. Civ. App. -- El Paso 1970, writ ref'd n.r.e.) (emphasis added).

[3] The policy also defines "work you performed" as including "work that someone performed for you." Thus, the use of independent contractors to perform Taylor's work does not, by itself, preclude application of the exclusion. See also T.C. Bateson Constr. Co. v. Lumbermens Mut. Casualty Co., 784 S.W.2d 692, 695-96 (Tex. App. -- Houston [14th Dist.] 1989, writ denied) (construing the language "on behalf of the named insured" in a "Work You Performed" exclusion to include independent contractors hired by the insured; otherwise, there would be policy coverage for the completed operations of independent contractors, but not for the work of the insured or his employees).

liability to repair or replace his own defective work or product . . . . "); <u>Sarabia v. Aetna Casualty and Sur. Co.</u>, 749 S.W.2d 157, 157 (Tex. App. -- El Paso 1988, no writ) (same). The justification for treating these risks differently "is that the insured can control the quality of the goods and services he supplies, while accidental injury to property or persons exposes him to almost limitless liability." <u>Bateson</u>, 784 S.W.2d at 695. As the <u>Bateson</u> court noted:

> [T]he exclusions are designed to protect insurers from contractors' attempts to recover funds to correct deficiencies caused by the contractors' questionable performance. Their use demonstrates the insurers' belief that the cost of not performing well is a cost of doing business and not considered part of the risk sharing scheme for which general liability policies are written.

<u>Id.</u> Thus, a contractor "cannot recover from the insurer for his own failure to perform his contract, but can recover for damage **other than to his own work**, whether or not that work is defective." <u>Hartford Casualty Co. v. Cruse</u>, 938 F.2d 601, 603 (5th Cir. 1991) (emphasis added) (internal quotation omitted).

## C. Case's Allegations

Of course, the "Eight Corners" rule and the "Work You Performed" exclusion operate in conjunction, as there is no duty to defend if the petition only alleges facts that exclude the insured from coverage, such as facts that invoke the "Work You Performed" exclusion. Thus, an examination of the allegations in Case's complaint is necessary for a proper resolution of this appeal. The following allegations are relevant to our determination:

> 9. In April of 1989, . . . Case entered into a contract with Taylor to remove the ferrous oxide deposited on the

7

automobile body surfaces by a chemical process involving friction, which would not require repainting the vehicles. Taylor guaranteed that the process would remove the ferrous oxide from the vehicles and, at a minimum, not harm the car finish, including the chrome on the vehicle.

11. All of the work on the four hundred and forty (440) damaged vehicles was performed by Taylor/Houston, by the employees/owners, in Racine, Wisconsin . . . As a result of faulty workmanship by the employees/owners of Taylor/Houston, Taylor/Houston employees/owners returned in July and August of 1989 for remedial work on damaged vehicles.

12. Not only did the Taylor process not remove the ferrous oxide deposited as represented by Mr. Brad Taylor but . . . a chemical reaction occurred with the materials used, under Wisconsin atmospheric conditions prevailing at the time the work was performed, and, based on information and belief, the skill of the applicators of the chemical substances, [sic] serious damage was caused to vehicle finishes, including the chrome of vehicles . . .

14. In addition, Case has paid for the refinishing of damaged surfaces of many of the vehicles or the replacement of damaged parts incapable of being repaired, such damage caused by Taylor's/Houston's breach of contract and its technical, professional negligence or malpractice.

Because of Taylor's alleged breach of contract and negligent performance, Case requested 1) a declaratory judgment that Case does not owe Taylor on the contract; 2) the repayment of funds already advanced to Taylor; and 3) the reimbursement of funds expended by Case to refinish or replace the damaged surfaces.

The determinative inquiry in a "Work You Performed" exclusion analysis involves a definition of Taylor's work product. See, e.g., Cruse, 938 F.2d 601, 603 (5th Cir. 1991) ("The decisive issue here is definition of [the] work product."); Volentine, 578 S.W.2d at 504 ("The decisive question then becomes: What was [the] work

8

product?").  In other words, the operative question is "what was Taylor hired to do?"

Simply put, Taylor was hired to repair the exterior finishes of the vehicles; hence, Taylor's work product was intended to be "restored" exterior finishes.  As mentioned, the petition alleges that "Case entered into a contract with Taylor to remove the ferrous oxide deposited on the automobile body surfaces by a chemical process involving friction."  Despite Taylor's contentions and creative semantic arguments, the chemical process is not the crucial element here; rather, the essence of Taylor's work was the removal of the ferrous oxide deposits, or, stated differently, the restoration of the finishes.

Moreover, the petition seeks only monetary damages related to the repair or replacement of Taylor's defective work on the vehicle finishes.  As mentioned, the petition requests reimbursement for the expenses of refinishing the surfaces damaged by Taylor, and for the costs of replacing the damaged parts that could not be repaired.  Such requests for monetary relief all stem from Taylor's defective **work product** -- the vehicle finishes.  In short, Taylor was hired to work on vehicle finishes, and damages were requested only for the repair or replacement of the vehicle finishes.  As such, these claims fall directly into the "Work You Performed" exclusion.  See, e.g., Bateson, 784 S.W.2d at 694-95; Volentine, 578 S.W.2d at 503-04.  Similarly, the petition also requests repayment of the funds previously advanced to Case under the contract.  This relief also falls directly into the "Work You

9

Performed" exclusion from coverage, as an insured "cannot recover from the insurer for his own failure to perform his contract." Cruse, 938 F.2d at 603. Thus, analyzing the "Eight Corners" rule and the "Work You Performed" exclusion in conjunction, we conclude that the allegations in Case's petition are directly within the scope of the coverage exclusion. As such, Travelers had no duty to defend.[4]

Taylor also asserts that he should be given "the benefit of the doubt" in this case because insurance policies are to be construed strictly against the insurer and in favor of the insured. While Taylor correctly states the general rule, this "benefit of the doubt" is only invoked when the policy provisions are ambiguous. See, e.g., Gulf Chemical & Metallurgical Corp. v. Associated Metals & Minerals Corp, 1 F.3d 365, 369 (5th Cir. 1993) ("[W]hen the language of a policy is susceptible to more than one construction, the `polic[y] should be construed strictly against the insurer and liberally in favor of the insured.'") (quoting Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex. 1987)). In this case, however, the policy provisions, including the exclusions, are not ambiguous. More importantly, the policy provisions themselves are not challenged by Taylor; rather, Taylor seems to assert that the allegations in Case's petition are ambiguous. Aside from the fact that we find no ambiguity in the

---

[4]     Because we find that the "Work You Performed" exclusion supports the summary judgment in this case, we do not decide whether the "Care, Custody, or Control" or the "Contractual" exclusions would have been applicable as well.

10

pleadings, some courts have not afforded a "benefit of the doubt" in construing pleadings. As the <u>Feed Store</u> court explained:

> [A]ppellant seeks to transform the rule of *contra proferentum* out of the realm of contract interpretation and into the area of construing *pleadings*. . . . Yet the law is, and always has been, otherwise. There is good reason to construe a printed form against its author, and the law encourages an insurance company to think carefully about its draftsmanship. But it takes a great leap to transform this rule into one which construes a *third party's* pleadings strictly against the insurance company, a leap we simply cannot make.

774 S.W.2d at 75.

## IV. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment for Travelers on the duty to defend is AFFIRMED.

11