I disagree with the majority's ruling as to the plaintiffs breach of contract claim.
The majority discusses at length the case of United StatesFidelity Guaranty Co. v. Bonitz, 424 So.2d 569 (Ala. 1982), in which our Supreme Court held that, in accordance with policy language similar to that in the policy at issue, the insurer was liable for damage to ceilings, walls, furnishings, etc., caused by the faulty roof repair, although the insurer would not be liable for damage to the roof itself. It follows that, in this case, the insurer is liable for damage to the transmission, which occurred during the process of repairing the clutch, although the insurer would not be liable for damage to the clutch itself.
There appears to be no Alabama case construing the instant policy language in a garage liability policy. However, a Texas appellate court construed identical language in this type of policy and determined that the insurer was liable for damage to the car's engine that was caused by the mechanic's valve repair, even though the insurer was not liable for the damage to the valve itself. Travelers Ins. Co. v. Volentine,578 S.W.2d 501 (Tex.Civ.App. 1979).
Because I would follow the reasoning of our Supreme Court inBonitz, supra, and the reasoning of the Texas appellate court in Volentine, supra, I must respectfully dissent from the majority's opinion.