STATE AUTOMOBILE MUTUAL INSURANCE COMPANY OF COLUMBUS, OHIO *v.*
GLOVER, D.B.A. MEDICAL CENTER CONOCO

No. 43577          June 7, 1965          176 So. 2d 256

*Heidelberg, Woodliff & Franks,* Jackson, for appellant.

*Harmon W. Broom,* Jackson, for appellee.

SMITH, J.

Appellee operated a garage where he engaged in the business of repairing automobiles. Appellant issued to him its ''Garage Liability Policy'' which indemnified

him against certain hazards stated in the policy. In the regular course of business, one Keen placed his automobile with appellee to have its carburetor repaired or replaced. Appellee's mechanic completely removed the old carburetor, which exposed an opening into the interior of the engine. After the carburetor was replaced, he began warming up the engine in order to make the necessary adjustments. In a few moments it became apparrent that something was seriously wrong with the engine. It was stopped by the mechanic and when the block cover was removed it was discovered that in some manner a piece of metal had gotten into the number two cylinder and the operation of the engine had damaged the piston and cylinder wall. After removing the foreign object, the engine was again assembled and seemed to run all right. However, the owner brought the car back shortly after it was returned to him, saying that it was running imperfectly, and a further examination disclosed that the number two cylinder wall was cracked and a new block would be necessary.

Keen sued appellee in the County Court of Hinds County for the cost of making necessary repairs, and appellant was called upon by appellee to defend the suit under its policy. Appellant denied liability but defended the suit under a reservation of rights.

By agreement of the parties, the case was tried by the court without a jury, and resulted in a judgment in favor of Keen against appellee for $395.18.

Appellee paid this judgment after appellant had declined to do so and brought the present suit against appellant to recover his money, alleging that this was one of the hazards insured against by the policy. The case was tried in county court and resulted in a judgment against appellant in the amount of $443.60, which judgment was affirmed by the circuit court, and he has appealed here.

In its essentials, appellee's contention is to the effect that he is entitled to indemnity from appellant under policy coverages "B" or "D", and, if not, that "the entire insurance contract covers the accident." Coverage "B" is as follows:

Coverage B — Property Damage Liability. to pay on behalf of the insured (appellee Glover) all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined.

The policy contains a section entitled "Definition of Hazards," which provides, among other things, as follows:

Division 2 — Premises — Operations — Automobiles Not Owned or Hired. The ownership, maintenance or use of the premises (of Glover) for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto, and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, a partner therein or a member of the household of any such person.

However, the policy makes the following "Exclusions":

This policy does not apply: . . . (f) under Coverage B, to injury or destruction of (1) property owned by or rented to the insured, or (2) except under division 3 of the Definition of Hazards (which applies only to elevators), property in charge of or transported by the insured, or (3) any goods or products manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises; . . .

██ ██ As the entire case was framed and tried upon the proposition (stated at least three times in appellee's declaration) that at the time of the damage to the automobile it was in charge and under the custody and control of the insured, Coverage B clearly does not afford coverage. For that reason it is considered unnecessary to discuss the question of whether or not the piece of metal got into the cylinder by "accident."

Coverage as to property of others *in charge of* insured (appellee Glover) is provided under Coverage D, as follows:

COVERAGE D — PROPERTY OF OTHERS IN CHARGE OF NAMED INSURED. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property of others of a kind customarily left in charge of garages, including the loss of use thereof, caused by accidental collision or upset of such property while in charge of the named insured in connection with his automobile sales agency, repair shop, service station, storage garage or public parking place operations.

██ ██ None of the above provisions of the policy is ambiguous and each is headed in bold, black lettering with its appropriate title, which in each case is fairly indicative of its contents. Rules of construction are useful only where the language used is ambiguous or unclear. Nor would it serve any useful purpose to review the authorities cited in the briefs upon the meaning of "caused by accident," or of "upset," or "collision." No rule of construction requires or permits the Court to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear.

██ ██ The damage to the automobile consisted of internal injury to its engine. This was brought about by the introduction of an extraneous or foreign metal object

into a cylinder during the course of repairs being made by a mechanic while the automobile of the customer was in charge of appellee, the insured. It is neither argued nor suggested by appellee that a "collision" or "upset" occurred.

It is clear that the policy does not and was not intended to afford coverage where damage occurs to a customer's automobile while it is in charge of the insured for repairs, either as the result of error, mistake, or omission on the part of a mechanic in making the repairs, or from some casualty other than as the result of "upset" or "collision."

This conclusion is supported by a number of decisions construing garage liability or indemnity policies which contained substantially the same provisions as the policy here and which involved essentially similar circumstances. Guidici v. Pacific Automobile Ins. Co., 79 Cal. App. 2d 128, 179 P. 2d 337 (1947); Lyon v. Aetna Casualty & Surety Co., 140 Conn. 304, 99 A. 2d 141 (1953); Haenal v. United States Fidelity & Guaranty Co., 88 So. 2d 888 (Fla. 1956); Vaughan v. Home Indemnity Co., 86 Ga. App. 196, 71 S. E. 2d 111 (1952); Maryland Casualty Co. v. Holmsgaard, 10 Ill. App. 2d 1, 133 N. E. 2d 910 (1956); Root Motor Co. v. Mass. Bonding & Ins. Co., 187 Minn. 559, 246 N. W. 118 (1932); Pompeii v. Phoenix Assurance Co. of N. Y., 7 A. D. 2d 806, 181 N. Y. S. 2d 152 (1958); Aglione v. American Automobile Insurance Co., 87 R. I. 473, 143 A. 2d 148 (1958); State Automobile Mutual Ins. Co. v. Connable-Joest, Inc., 174 Tenn. 377, 125 S. W. 2d 490 (1939).

Reversed and judgment here for appellant.

*Lee, C. J., and Rodgers, Jones and Patterson, JJ.,* concur.