Maurice E. FOREMAN, et al.,
Plaintiffs-Appellees,

v.

CONTINENTAL CASUALTY COMPANY, Defendants-Appellants.

No. 84–4708.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1985.

Aultman, Tyner, McNeese, Weathers & Gunn, Ltd., Thomas D. McNeese, Columbia, Miss., for defendants-appellants.

Donald C. Woods, Jackson, Miss., for plaintiffs-appellees.

Before RUBIN and REAVLEY, Circuit Judges, and FELDMAN *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

This appeal requires us to interpret the coverage of an insurance policy that protects a school board and school officials from loss resulting from wrongful acts in the discharge of their duties. Three school officials were sued for the damages resulting from physical assault on, and sexual molestation, of an 11 year old female student whom, it was charged, they negligently allowed to be taken from a Mississippi elementary school by an unauthorized male. The officials successfully defended the suit. They now seek to recover their attorney's fees and other costs of defense under the terms of their insurance policy. The district court granted summary judgment for the plaintiffs. Finding that no material issues of fact are in dispute and that claims against school officials arising from bodily injury are unambiguously excluded on the face of the insurance policy, we reverse the district court's judgment and grant summary judgment in favor of the defendant.

The insurance policy provides coverage for damages and costs of defense for any claims made for a "Wrongful Act," which is defined as any "omission or neglect or breach of duty by the Assureds in the discharge of their duties, individually or collectively...." The claim made against the school officials was clearly for a wrongful act as thus defined.

The policy, however, contains an exclusion, which provides:

The Insurer shall not be liable to make any payment for any loss in connection *with any claim against the Assureds.* (3) *for any damages, direct or consequential, arising from bodily injury, sickness, disease or death of any person,* or for damage to or destruction of any tangible property including loss of use thereof; (Emphasis added)

The district court held that, because the claim was made for a wrongful act, the policy provided coverage. The court reasoned that the insurer's interpretation of the exclusion would render "negligible" the "benefit accruing to the school district." It applied the principle that contracts of insurance are construed most strongly against the insurer and most favorably to the policy-holder.[1] The clearly-expressed scope of the policy "was to cover claims

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

1. *Citing Williams v. Life Insurance Company of Georgia,* 367 So.2d 922, 925 (Miss.1979).

against the school district or its employees arising out of allegations of their negligent administration of the school.... The resulting injury to the child could easily have been of another type and should not control whether this was covered by the policy."

■ The policy does provide coverage for wrongful acts but only for those wrongful acts that result in damage other than personal injury. The exclusion focusses on the kind of injury, not on the type of wrongful act.

■ As we held in *Battisti v. Continental Casualty Company*,[2] "an insurer's duty to defend an action against the insured is measured, in the first instance, by the allegations in the plaintiff's pleadings...." Only if the pleadings state facts "bringing the injury within the coverage of the policy" must the insurer defend.[3]

The complaint brought against the school officials seeks to recover only for damages suffered as the result of the bodily injury of a student. The complaint does accuse the school officials of negligence in the performance of their duties, but the nature of the damages claimed falls squarely within the policy's exclusion and no damages are sought for anything other than personal injury. The reference to negligence does not override the exclusion. We cannot imagine circumstances in which school officials would be liable for physical injury to a student in the absence of either negligence or some other dereliction of duty.

The district court read the exclusion entirely out of the policy, arguing that to credit the exclusion with its plain meaning was to render the policy evanescent. The exclusion of claims resulting from bodily injury, however, does not destroy the protection afforded against claims for other types of damage. In its original application for the policy, the school board listed the possibility of a lawsuit from the discharge of its principal and a teacher as the type of claim from which it sought indemnity. Such a claim would be covered, as would wrongful acts in connection with the awarding of contracts, the administration of pension plans, constitutional claims arising from impermissible forms of discrimination among students or employees, and claims of deficiencies in educational programs, counseling, or transportation. The policy is not one of general liability, but neither is its coverage nugatory.

■ The district court chose to construe the policy against the insurer but, when the contract is unambiguous, there is neither need for resort to such a presumption nor warrant to do so.[4] Applying Mississippi law, as is requisite in this diversity case, we find that the contract must be interpreted according to its terms. The applicable rule was stated by the Mississippi Supreme Court in *State Automobile Mutual Insurance Company of Columbus, Ohio v. Glover:*[5] "No rule of construction requires or permits the court to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear."[6] Under Mississippi law, "... insurance contracts, like all other contracts, where clear and unambiguous, must be construed exactly as written."[7] To this law we are bound.

Our decision is limited to the facts of the case before us. We make no attempt to interpret the terms of this insurance policy in a manner that might govern other claims.

**2.** 406 F.2d 1318 (5th Cir.1969).

**3.** *Id.* at 1321, (emphasis deleted) (citing 7A Appleman, Insurance Law and Practice § 4683, at 436 (2d ed. 1962) and 50 A.L.R.2d 465–80 (1956)).

**4.** *See Aetna Casualty & Surety Company v. Steele*, 373 So.2d 797, 799 (Miss.1979); *Williams v. Life Insurance Company of Georgia*, 367 So.2d 922, 925 (Miss.1979).

**5.** 176 So.2d 256, 268 (Miss.1965).

**6.** *Id.* at 258.

**7.** *George v. Mississippi Farm Bureau Mutual Insurance Company*, 250 Miss. 847, 168 So.2d 530, 531 (1964) (citing *Employers Mutual Casualty Company v. Nosser*, 250 Miss. 542, 164 So.2d 426 (1964)).

For these reasons, the judgment of the district court is REVERSED and judgment is entered for the appellants.