**Sandy ROBINETTE, By and Through her Mother and Next Friend, Helen L. McMAHON, Plaintiff,**

v.

**AMERICAN LIBERTY INSURANCE COMPANY, Defendant.**

**Civ. A. No. S89–0280(R).**

United States District Court, S.D. Mississippi, S.D.

Sept. 28, 1989.

---

Ray Mitchell, Ocean Springs, Miss., for plaintiff.

William E. Whitfield, III, Gulfport, Miss., for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Motion for Summary Judgment filed by defendant American Liberty Insurance Company ("American Liberty"), pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Facts

This is a claim for uninsured motorist benefits under insurance policy # A43–62–85 issued by American Liberty to Charles H. McMahon.

The plaintiff, a resident of the household of Charles H. McMahon, seeks recovery for injuries she allegedly received in a one-car accident on or about November 22, 1986.

The alleged injuries resulted from her boyfriend, Clayton Sigmon, driving a car off of the road and thereby striking a tree. The car involved in the accident was insured by State Farm Insurance Company under a policy providing $50,000.00 in liability coverage; $50,000.00 medical payment; and $15,000.00 uninsured motorist coverage. The defendant's uninsured motorist provides for $100,000.00 [1] per occurrence.

In January, 1988, the plaintiff filed suit for her injuries against Clayton Sigmon and on November 8, 1988, she settled her lawsuit for $32,500.00, together with $1,946.50 previously paid by Sigmon and State Farm.

By the terms of the settlement, the plaintiff reserved the right to make "claims against State Farm Mutual Automobile Insurance Company for medical payments coverage" and reserved the right to proceed against the defendant for uninsured motorist coverage.

By letter dated October 12, 1988 from the defendant's counsel to the plaintiff's counsel the defendant appears to waive its subrogation rights while specifically reserving the right to require exhaustion of coverages and "all rights and defenses, either by policy or statute...."

On April 18, 1989, the plaintiff filed this action for uninsured motorist benefits under the American Liberty policy.

### Argument

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *St. Amant v. Benoit*, 806 F.2d 1294, (5th Cir.1987). It is the law that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242,

---

1. Plaintiff asserts that the total coverage would be $300,000.00 due to "stacking" of coverage.

248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

In determining what constitutes a "genuine" issue, the Fifth Circuit has stated that:

> [A]n issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted).

The United States Supreme Court further stated in *Liberty Lobby* that as to materiality, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Supreme Court has noted that the standard for summary judgment mirrors the standard for a directed verdict, the main difference between the two being when they are used, as the inquiry under each is the same. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Barebones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard, et al. v. City of Greenwood, Miss., et al.,* 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 845 (5th Cir.1983).

Under the terms of the uninsured motorist coverage of the American Liberty policy in question it states in pertinent part:

> We will pay under this coverage only after the limits of liability under any applicable:
> 1. Liability bonds or policies; or
> 2. Deposits of cash or securities; have been exhausted by payment of judgments or settlements.

The policy further provides:

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "property damage" or "bodily injury" sustained by any person:
1. If that person or the legal representative settles the "bodily injury" ... claim with the owner or operator of the "uninsured motor vehicle" without our consent.

The two central issues in this motion are:

1. Did plaintiff exhaust the limits of liability, by payment or settlement, of Clayton Sigmon's policy?

2. What is the effect, in light of the waiver of subrogation, of the lack of consent by Defendant to the settlement?

There are several side issues which this Court notes; however, this Court feels that its number one issue is dispositive and declines to rule on other issues.

The defendant argues that there is no presumption favoring the insured over the insurer in an unambiguous insurance contract and in support cites this Court to *Foreman v. Continental Cas. Co.,* 770 F.2d 487 (5th Cir.1985), wherein the court set out:

> When the contract is unambiguous, there is neither need for resort to such a presumption nor warrant to do so.... "No rule of construction requires or permits the court to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear." Under Mississippi law, "... *insurance contracts, like all other contracts, where clear and unambiguous, must be construed exactly as written."* To this law we are bound.

[Emphasis added, footnotes and citation omitted]

*Id.* at p. 489.

This Court agrees with the defendant that, insofar as it concerns the aforestated coverage and exclusions, the policy in question is clear and unambiguous.

The plaintiff cites this Court to *Wickline v. United States Fidelity & Guaranty Company*, 530 So.2d 708 (Miss.1988), wherein the Supreme Court of Mississippi set out the basic principles of construction of the Mississippi Uninsured Motorist Statute. As summarized in the plaintiff's brief these are:

1. The statute is designated to provide innocent injured motorists with compensation for their injuries received at the hand of a negligent uninsured motorist;

2. The statute is to be liberally construed to accomplish the aforementioned purpose;

3. Ambiguous provisions of any uninsured motorist policy should be construed in favor of the injured party;

4. Policy provisions should be considered unenforceable where they seek to reduce coverage required by the statute.

Having not been furnished with any dollar figures representing the plaintiff's total injury, but construing those facts asserted most favorable to the plaintiff, this Court is not persuaded that the intent of the statute has been abridged in the case at bar.

The plaintiff seeks to persuade this Court that in settling for $32,500.00, plus the $1,946.50 previously paid by Clayton Sigmon and State Farm, she substantially exhausted the $50,000.00 available under the liability coverage of Mr. Sigmon's insurer. This Court, however, is of the opinion that, in view of the fact that there still remains almost $50,000.00 [2] of medical payment coverage under the State Farm policy, the plaintiff has left a large sum "on the table." Contrary to plaintiff's claim of a 65% settlement, this Court calculates it to be closer to 35%.

Turning its attention from percentages and what might be construed as a substantial recovery to the terms of the settlement, this Court would further observe that by reserving the right to proceed against the so-called uninsured's medical payments coverage, the plaintiff cannot be said to have exhausted the limits of liability as clearly required by the terms of the policy.

Further, as is set out by the court in *Wickline, supra*:

On numerous occasions this Court has observed that uninsured motorist insurance is designed to provide innocent injured motorists a means of compensation for injuries which they receive at the hands of an uninsured motorist, *see, e.g. Harthcock v. State Farm Mutual Ins. Co.*, 248 So.2d 456, 460–61 (Miss.1971).

*Id.* p. 711; and even though Miss.Code Anno. § 83–11–103(c)(iii) (Supp.1988) provides that an "uninsured motor vehicle" is

[a]n insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage;

this Court is constrained to find this plaintiff's resort to her own uninsured motorist coverage, in addition to actual and substantial coverage available under the tortfeasor's own policy, to be of the type contemplated by the statute.

Finally, this Court is puzzled by the attempt by plaintiff's counsel to "credit to the Defendant for the full amount of the liability insurance limits." Even if it should be conceded that the "limits of Liability" is $50,000.00, this Court finds such maneuvering to be undesirable at best. Defendant's counsel in his letter of October 12, 1988 to plaintiff's counsel states:

Never before has the subject been broached by us . . .

and this Court finding no authority for such and viewing such process as potentially at variance with the intent of the uninsured motorist statute declines to accept the plaintiff's assertion.

---

**2.** $1,946.50 previously paid by State Farm was apparently from the medical payment coverage.

It is the opinion of this Court that, considering the clear and unambiguous language of the policy under consideration and the intent of the statute as stated, the defendant's Motion for Summary Judgment should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant American Liberty Insurance Company's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED AND ADJUDGED.