DAVID A. BARBEE v. THE HARFORD MUTUAL INSURANCE COMPANY

No. 587PA90

(Filed 3 October 1991)

**Insurance §§ 92.1, 143 (NCI3d) — garagekeepers liability policy — exclusionary provisions — work product**

The trial court correctly granted summary judgment for defendant insurance company in an action by a garage owner to recover damages paid to customers after his employees dropped foreign objects into cylinders while servicing automobiles. The insurance contract was intended to exclude damages due to plaintiff's negligent performance of business tasks.

**Am Jur 2d, Automobile Insurance §§ 219-220.**

**Liability insurance of garages, motor vehicle repair shops and sales agencies, and the like. 93 ALR2d 1047.**

ON discretionary review of the decision of the Court of Appeals, 100 N.C. App. 548, 397 S.E.2d 343 (1990), reversing summary judgment for the defendant entered by *Johnston, J.,* at the 18 January 1990 Session of District Court, MECKLENBURG County. Heard in the Supreme Court on 9 September 1991.

*Wishart, Norris, Henninger & Pittman, P.A., by Kenneth R. Raynor, for the plaintiff-appellant.*

*Petree, Stockton & Robinson, by Richard E. Fay, for the defendant-appellee.*

MITCHELL, Justice.

The issue before this Court is whether recovery of the damages sought by the plaintiff is precluded by the exclusionary provisions

of the comprehensive garagekeepers liability insurance policy issued by the defendant insurance company. We conclude that the exclusionary language of the policy prevents recovery of the damages sought by the plaintiff.

This case came before the trial court upon stipulated facts. The plaintiff operates a "Precision Tune" automobile repair shop in Charlotte. The defendant insurance company issued the plaintiff a garagekeepers insurance policy providing coverage during 1987. On 7 November 1987, employees of the plaintiff regauged and replaced the spark plugs of an automobile owned by a customer. While replacing the spark plugs, the plaintiff or his employees accidentally dropped a foreign object through an opening for a spark plug and into a cylinder of the engine. Later, when the automobile was operated, the foreign object damaged that cylinder.

On 21 November 1987, employees of the plaintiff regauged and replaced the spark plugs of an automobile owned by another customer. Again, employees of the plaintiff, while servicing the automobile, accidentally dropped a foreign object into an opening for a spark plug. When that automobile was operated, the foreign object damaged a cylinder.

The plaintiff demanded that the defendant insurance company provide coverage for any damages recovered from him by the owners of the automobiles. The defendant refused. The plaintiff subsequently reimbursed the two customers himself.

On 7 March 1988, the plaintiff brought this action against the defendant in the District Court, Mecklenburg County, seeking a declaration that the insurance policy covered the losses suffered by the plaintiff and seeking actual damages in an amount not less than $5,162.77. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of the defendant and denied the plaintiff's motion for summary judgment. The Court of Appeals, in an opinion filed 30 October 1990, found there was a genuine issue of material fact and reversed the trial court. We hold that the trial court was correct in granting summary judgment in favor of the defendant and, accordingly, we reverse the Court of Appeals.

On appeal the defendant argues that the Court of Appeals erred in concluding that there was a genuine issue of material fact as to whether the insurance policy issued by the defendant

covered the damages claimed by the plaintiff. The defendant focuses its argument on the exclusionary language of Part V of the policy which states:

C. WE WILL NOT COVER—EXCLUSIONS.

This insurance does not apply to:

. . .

4. Faulty work you performed.

The defendant argues that this language excludes coverage of damages caused by the plaintiff's work product—the tune-ups and spark plug replacements performed by employees of the plaintiff. The plaintiff argues that the language does not exclude coverage of the damages he asserts. The policy language, according to the plaintiff, excludes coverage of a defective tune-up but includes coverage of damage to "other property," such as the cylinders of the automobiles in the present case.

The rules governing summary judgment are now familiar learning and we need not repeat them here. *Roy Burt Enterprises, Inc. v. Marsh*, 328 N.C. 262, 400 S.E.2d 425 (1991). Applying those rules, we disagree with the conclusion of the Court of Appeals that a genuine issue of material fact was presented in this case. Therefore, summary judgment was appropriate, and this Court will interpret the contract as a matter of law. *Duke v. Mutual Life Ins. Co.*, 286 N.C. 244, 210 S.E.2d 187 (1974); *Parker v. State Capital Life Ins. Co.*, 259 N.C. 115, 130 S.E.2d 36 (1963).

We find the insurance policy clear and unambiguous and interpret the policy as written and according to its plain meaning. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E.2d 794 (1986). We agree with the defendant's interpretation of the meaning of the exclusionary language of the insurance policy. The exclusionary clause precludes recovery of the damages sought by the plaintiff. Therefore, the defendant insurance company is not liable for these damages under the policy.

We have focused on the exact language of the policy in dispute and have found no North Carolina case interpreting this language. However, one decision by our Court of Appeals and certain decisions from other jurisdictions are helpful in this regard. In *Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, 369 S.E.2d 128 (1988), our Court of Appeals interpreted a comprehensive liability

BARBEE v. HARFORD MUTUAL INS. CO.

[330 N.C. 100 (1991)]

insurance policy issued to a subcontractor. The court spoke general-
ly of the purposes behind a work product exclusionary clause in
an insurance contract:

> Since the quality of the insured's work is a "business risk"
> which is solely within his own control, liability insurance general-
> ly does not provide coverage for claims arising out of the
> failure of the insured's product or work to meet the quality.
> or specifications for which the insured may be liable as a mat-
> ter of contract. . . . The cases interpreting this kind of exclusion
> recognize, as we do, that *liability insurance policies are not
> intended to be performance bonds.*

90 N.C. App. at 523, 369 S.E.2d at 130 (emphasis added) (citations
omitted). With such points in mind, we interpret the exclusionary
language of the insurance contract in dispute here as precluding
any recovery by the plaintiff for damages caused by the negligent
tune-ups and spark plug replacements by employees of the plaintiff.

We find support for our conclusion here in a decision of the
Supreme Court of Mississippi interpreting a similar garagekeepers
liability insurance policy. *State Auto. Mut. Ins. Co. v. Glover*, 253
Miss. 477, 176 So. 2d 256 (1965). In that case, a customer left
an automobile at a garage for the repair of its carburetor. *Id.*
at 479, 176 So. 2d at 256. During the repair, a piece of metal
accidentally fell into a cylinder and damaged the engine after it
was started. *Id.* at 479, 176 So. 2d at 256-57. The owner of the
garage demanded that his insurance company cover the damage
caused to the customer's automobile. *Id.* at 479, 176 So. 2d at
257. The insurance company refused. *Id.* The exact language of
the exclusionary provision of the policy was, "This policy does
not apply: . . . to injury or destruction of . . . work completed
by or for the the named insured, out of which the accident arises."
*Id.* at 480, 176 So. 2d at 257. The Court in that case held that
the policy was not intended to cover damages occurring to a
customer's automobile as a result of a mechanic's error or mistake.
*Id.* at 482, 176 So. 2d at 258.

Similarly here, the contract language, although not identical
to that in *Glover*, was intended to exclude damages due to the
plaintiff's negligent performance of business tasks. The damage
for which the plaintiff sought recovery was a direct result of the
faulty work of his employees and comes within the exclusionary
language of the policy. *See also Franks v. Guillotte*, 248 So. 2d

626 (La. Ct. App. 1971) (liability insurance policy excluded coverage of damages resulting from defective repair performed by employee of garage).

The plaintiff relies on a Texas case interpreting a garagekeepers liability insurance policy. *Travelers Ins. Co. v. Volentine*, 578 S.W.2d 501 (Tex. Civ. App. 1978). In *Volentine*, a customer brought his automobile into a garage for a valve job. *Id.* at 502. The customer claimed that because of the negligent repair by employees of the garage, the entire engine was destroyed. *Id.* at 502-03. The owner of the garage filed a claim under his garagekeepers liability insurance policy. *Id.* at 503. The insurance company denied coverage. *Id.* The Texas court distinguished between "property damage to work performed by or on behalf of the named insured" and damage to "other property resulting from the defective condition of the work." *Id.* at 503-04. The plaintiff here argues that, applying such a distinction in the present case, the cylinders are "other property" and, therefore, not within the exclusionary language of the insurance contract. For reasons previously stated, we do not find this argument persuasive. *Cf. Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, 369 S.E.2d 128 (1988) (interpreting identical language, our Court of Appeals found the policy excluded coverage of damages resulting from defective work by the insured).

The decision of the Court of Appeals is reversed and this case is remanded to that court for further remand to the District Court, Mecklenburg County, for reinstatement of the order of summary judgment in favor of the defendant.

Reversed.