689 So.2d 179 (1997)
Phyllis GARRETT d/b/a Garrett Truck Services, Inc.
v.
AUTO-OWNERS INSURANCE COMPANY.
2951379.
Court of Civil Appeals of Alabama.
January 17, 1997.
Adam P. Morel of Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, for Appellant.
Bert S. Nettles and Mark D. Hess of London & Yancey, L.L.C., Birmingham; and R. M. Woodrow of Doster & Woodrow, Anniston, for Appellee.
*180 ROBERTSON, Presiding Judge.
Phyllis Garrett, doing business as Garrett Truck Services, Inc.("GTS"), appeals a summary judgment for Auto-Owners Insurance Company ("Auto-Owners") on her claims alleging breach of contract and bad faith refusal to pay a claim. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
Garrett and her husband, Kenneth,[1] sought to recover under a policy of "garage liability" coverage issued by Auto-Owners. The "garage liability" policy is designed to protect the owner of a garage from claims of personal injury or property damage that occur as a result of a faulty repair.
Garrett's claim arose as a result of the replacement of the clutch on a customer's truck. The repair required the removal of the truck transmission. After GTS replaced the clutch, it reinstalled the transmission. During this reinstallation, the GTS mechanic did not properly tighten some of the transmission bolts; the loose bolts caused the transmission to leak its lubricant and overheat. The damage required the replacement of the entire transmission, at a cost of $3,730. Garrett sought to recover that amount under her garage liability policy with Auto-Owners.
After investigating the claim and discussing it with Garrett, Auto-Owners denied the claim because the policy excluded coverage for
"property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith...."
On May 9, 1994, Garrett sued Auto-Owners, alleging breach of contract, fraud, negligent or wanton handling of an insurance claim, and bad faith refusal to pay a claim. On September 13, 1995, Auto-Owners moved for a summary judgment. On March 21, 1996, the trial court entered a detailed order granting Auto-Owners's motion for summary judgment as to all counts.
As noted in the summary judgment order, Garrett conceded that the summary judgment would be proper as to her claims of fraud and negligence and wantonness. This appeal raises only the issues whether the trial court erred in entering the summary judgment as to the contract and bad faith claims.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed:
"`The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).'"
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).

I. Breach of Contract
A careful review of the record in this case indicates that the evidence is undisputed that *181 the removal and reinstallation of the transmission was a part of the clutch replacement job performed by GTS. The evidence also included testimony by Auto-Owners employees explaining the scope of coverage of the policy by use of an analogy to a brake repair. The explanation was that when a mechanic replaced brake pads and damaged the brake lines, the policy would cover damage caused by the vehicle if the brakes failed to work, but the policy would not cover the cost of replacing the damaged brake lines.
Garrett argues that there is a question of fact as to whether the exclusion applies, because, she argues, the transmission was not the subject of the repair. This argument disregards the plain language of the policy that excludes coverage for damage "arising out of the work or any portion thereof." The evidence is undisputed that the removal and reinstallation of the transmission was a "portion" of the work required in replacing the clutch.
Our Supreme Court has discussed exclusions similar to the instant language in Berry v. South Carolina Ins. Co., 495 So.2d 511 (Ala.1986), and United States Fidelity & Guaranty Co. v. Bonitz, 424 So.2d 569 (Ala. 1982). In Bonitz, the insured made claims resulting from a faulty roof repair. The insurer sought to invoke an exclusion very similar to the one in the instant case to avoid a claim for damages to the wall, ceiling, and floor of the leaky building. The Court stated:
"If damage to the roof itself were the only damage claimed by the City of Midfield, the exclusions would work to deny Bonitz any coverage under the USF & G policy. The City of Midfield, however, also claims damage to ceilings, walls, carpets, and the gym floor. We think there can be no doubt that, if the occurrence or accident causes damage to some other property than the insured's product, the insured's liability for such damage becomes the liability of the insurer under the policy. See Employers Casualty Co. v. Brown-McKee, Inc., 430 S.W.2d 21 (Tex.Civ.App.1968); Aetna Casualty & Surety Co. v. Harvey W. Hottel, Inc., 289 F.2d 457 (D.C.Cir. 1961)."
424 So.2d at 573. Application of the rationale of Bonitz to this case supports the summary judgment because GTS's product was the clutch repair. The clutch repair included the removal and reinstallation of the transmission; therefore, the transmission is not property "other" than GTS's product. Accord, Barbee v. Hartford Mutual Ins. Co., 330 N.C. 100, 408 S.E.2d 840 (1991) (the court found a similar policy exclusion applicable to bar compensation for damage to an engine cylinder caused by faulty work in performing an engine tune-up).
In Berry, the Court considered a claim against an insurer based on a defective roof repair. However, the claimants made no claim based on damage other than the faulty roof repair. The Court stated:
"There is nothing in the deposition of Mary Berry or William Berry that alleges any damage to the existing structure as a result of `an accident, including continuous or repeated exposure to conditions....' Rather, all of the `damages' are related to the work done pursuant to the contract. The insurance policy specifically addresses this type of damage in its `work product exclusion,' which states:
"`This insurance policy does not apply to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.'"
495 So.2d at 513. (Emphasis added.) The Court affirmed the trial court's entry of summary judgment for the insurer based on the work product exclusion in the insurer's policy.
Similarly, in this case, the damage to the transmission is related to, in fact is a part of, the work done pursuant to the clutch repair. Considering the plain language of the exclusion and the interpretation of similar language in Berry and Bonitz, supra, we conclude that the Auto-Owners policy does not cover damage to the transmission. Therefore, the summary judgment as to the breach of contract claim is due to be affirmed.

*182 II. Bad Faith

The elements of a bad faith case were set out by our Supreme Court in National Sec. Fire & Cas. Co. v. Bowen, 417 So.2d 179 (Ala.1982):
"[T]he plaintiff in a `bad faith refusal' case has the burden of proving:
"(a) an insurance contract between the parties and a breach thereof by the defendant;

"(b) an intentional refusal to pay the insured's claim;
"(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
"(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
"(e) if intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
"In short, plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment without any reasonable ground for dispute. Or, stated differently the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim."
417 So.2d at 183. (Emphasis added.)
As discussed above, Auto-Owners did not breach its contract to Garrett. In this case, a question of fact as to whether Auto-Owners breached its contract is essential to Garrett's bad faith claim. Absent a breach of contract claim, the summary judgment as to her bad faith claim must be affirmed.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.
MONROE, Judge, dissenting.
I disagree with the majority's ruling as to the plaintiff's breach of contract claim.
The majority discusses at length the case of United States Fidelity & Guaranty Co. v. Bonitz, 424 So.2d 569 (Ala.1982), in which our Supreme Court held that, in accordance with policy language similar to that in the policy at issue, the insurer was liable for damage to ceilings, walls, furnishings, etc., caused by the faulty roof repair, although the insurer would not be liable for damage to the roof itself. It follows that, in this case, the insurer is liable for damage to the transmission, which occurred during the process of repairing the clutch, although the insurer would not be liable for damage to the clutch itself.
There appears to be no Alabama case construing the instant policy language in a garage liability policy. However, a Texas appellate court construed identical language in this type of policy and determined that the insurer was liable for damage to the car's engine that was caused by the mechanic's valve repair, even though the insurer was not liable for the damage to the valve itself. Travelers Ins. Co. v. Volentine, 578 S.W.2d 501 (Tex.Civ.App.1979).
Because I would follow the reasoning of our Supreme Court in Bonitz, supra, and the reasoning of the Texas appellate court in Volentine, supra, I must respectfully dissent from the majority's opinion.
NOTES
[1] Garrett and her husband were divorced during the pendency of this case. The divorce judgment granted Garrett the sole right to proceed with this lawsuit.