**TITAN INDEMNITY COMPANY,**
Plaintiff,

v.

**CITY OF BRANDON, MISSISSIPPI,**
and Bruce Kirby, Defendants.

Civil Action No. 3:96–CV–820WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 30, 1997.

Benjamin E. Griffith, Griffith & Griffith, Cleveland, MS, for Titan Indem. Co.

Mark C. Baker, Baker Law Firm, Brandon, MS, for City of Brandon, Mississippi.

Dale Danks, Jr., Keyes, Danks, Coxwell & Leonard, Jackson, MS, for Bruce Kirby.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is plaintiff Titan Indemnity Company's motion for summary judgment against defendants City of Brandon, Mississippi, and Bruce Kirby pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.[1] Plaintiff Titan Indemnity Company is the insurer of defendants pursuant to the provisions of a law enforcement liability insurance policy. By the present motion for summary judgment, plaintiff asks this court for a holding that it has no obligation to defend or indemnify the defendants in a civil action in federal court filed by Rex Harris charging the defendants, the City of Brandon, Mississippi, and Bruce Kirby, a Brandon City policeman, with excessive force. Although defendants oppose the motion, this court is persuaded to grant it.

### Backdrop

At the center of this action is the underlying complaint of Rex Harris, a third party, filed October 7, 1996, in the United States District Court for the Southern District of Mississippi, Jackson Division, against Bruce Kirby "Individually as a member of the Police Department of the City of Brandon, Mississippi, and as a Metro Narcotics Agent of the Mississippi Bureau of Narcotics." In the underlying complaint, Harris alleges that Kirby intentionally and without justification beat, assaulted, threatened and injured him.

Prior to November 8, 1996, Titan Indemnity Company (hereinafter "Titan"), pursuant to the provisions of a law enforcement liability insurance policy, provided a defense for Bruce Kirby (hereinafter "Kirby") and the City of Brandon, Mississippi (hereinafter "Brandon") in that action, subject to a reservation of rights.

On November 8, 1996, Titan commenced this Declaratory Judgment action in this court, seeking an adjudication that it has no duty to defend or indemnify its insureds, defendants Brandon and Kirby. Although Titan acknowledges the insurance contract between it and the defendants herein, Titan points to various factors which, according to Titan, nullify its obligation under the insurance contract to defend or indemnify the insureds.

Defendants oppose the summary judgment motion on the ground that there exist material and disputed issues of fact, namely, that the policy provisions at issue are conflicting and ambiguous. Defendants argue that the term "multi-jurisdictional law enforcement

---

1. Rule 56 of the Federal Rules of Civil Procedure states in pertinent part:

   (a) **For Claimant.** A party seeking to recover upon a claim counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

organization" was not defined in the policy and, thus, subject to confusion and ambiguity.

As earlier stated, this court finds plaintiff's summary judgment motion well taken. This court is satisfied that the relevant policy terms are not ambiguous and that the express language of the insurance contract excludes coverage for any conduct undertaken by defendants as members of a multi-jurisdictional law enforcement organization.

### Facts

On June 7, 1994, Brandon, along with other state and local government entities, entered into an Interlocal Cooperation Agreement, referred to and known as the Capitol Cities Metro Narcotics Unit. This was a joint, cooperative effort among its member entities [2] to enforce the criminal laws of the State of Mississippi regarding controlled substances. Several months later, in November, 1994, Brandon sought and obtained law enforcement officers' liability insurance coverage from Titan.

In its application for law enforcement liability insurance, Brandon disclosed the existence of its membership in a multi-jurisdictional law enforcement organization. Thereafter, Titan, through it agents, sent a letter to Brandon offering coverage for the Capitol Cities Metro Narcotics Unit as a multi-jurisdictional law enforcement organization, along with specific questions regarding Brandon's role in the organization. Brandon, which disputes having ever received this letter, never responded to this inquiry and request for information.

Subsequently, Titan issued an insurance policy to Brandon naming the City of Brandon, Mississippi, as its insured, with coverage of $500,000.00 for any occurrence covered under the policy. The subject policy obligates Titan to "pay all sums the insured legally must pay as damages because of per-

sonal injury or property damage to which this insurance applies caused by an occurrence resulting from law enforcement activities." The policy defines "occurrence" as "an event and includes continuous or repeated exposure to the same condition that results in: (1) personal injury or property damage the insured did not expect or intend; or (2) personal injury or property damage, although expected or intended by the insured, if an objectively good faith reason existed to cause such injury or damage."

The Titan policy also contains a coverage restriction for multi-jurisdictional law enforcement organizations found at section III. D.6. Specifically, section III.D.6 states:

> 6. No person or organization is an insured with respect to the conduct of any partnership, joint venture, multi-jurisdictional law enforcement organization or multi-jurisdictional penal institution that is not shown as named insured in the Declarations.

On October 7, 1995, Rex Harris filed a complaint in the United States District Court for the Southern District of Mississippi, Jackson Division, wherein he alleges that on October 6, 1995, defendant Kirby intentionally, wrongfully and without just cause wilfully, maliciously, vigorously, viciously, and wantonly assaulted, beat and threatened Harris at a location in Jackson, Mississippi. Harris alleges that defendant Kirby beat and kneed him in the groin despite being repeatedly told by a fellow narcotics agent that Harris was the "wrong man." According to Harris' allegations in the complaint, these intentional acts of defendant Kirby were executed without just cause, probable cause or justification, while defendant was working as a Metro Narcotics Agent for the Capitol Cities Metro Narcotics Unit.

Upon receiving notice of the Harris lawsuit, Brandon and Kirby tendered to Titan for defense and indemnification the claims asserted by Harris in his lawsuit. Titan,

---

2. Members of the Interlocal Cooperation Agreement include as follows: the cities of Brandon, Clinton, Florence, Flowood, Hazlehurst, Madison, Mendenhall, Pearl, Pelahatchie, Richland, Ridgeland, and Yazoo City, Mississippi; the Police Departments of the cities of Brandon, Clinton, Florence, Flowood, Hazlehurst, Madison, Mendenhall, Pearl, Pelahatchie, Richland, Ridgeland, and Yazoo City, Mississippi; the Board of Supervisors of Copiah and Yazoo Counties, Mississippi; the Sheriffs of Copiah and Yazoo Counties, Mississippi; and the Mississippi Bureau of Narcotics.

pursuant to the terms of the law enforcement liability insurance policy, provided at that time and continues to provide Brandon and Kirby with a defense, subject to the reservation of rights contained in the policy.

On November 8, 1996, Titan filed its Complaint for Declaratory Relief in this court, seeking an adjudication that it was under no duty to defend or indemnify Brandon or Kirby in the Harris lawsuit because: (1) coverage is excluded for intentional acts for which no objectively good faith reason exists; (2) under allegations of the underlying complaint, Kirby was not acting within the scope of his duties as police officer for the City of Brandon, Mississippi; and (3) the multi-jurisdictional law enforcement organization was not shown as a named insured in the Declarations.

### Summary Judgment Standard

Summary judgment is appropriate where the movant has demonstrated that there exists no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. *Brewer v. Wilkinson,* 3 F.3d 816, 819 (5th Cir.1993); *Daly v. Sprague,* 675 F.2d 716 (5th Cir.1982). Thus, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure,[3] summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which that party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson v.*

**3.** Rule 56(c) provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

**4.** Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

*Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir.1993). When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with proof of a *prima facie* case, sufficient for a trier of fact to enter a verdict in its favor. *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–1123 (5th Cir.1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

### Mississippi Law

No one disputes that Mississippi law governs this dispute. This court has diversity jurisdiction pursuant to Title 28 U.S.C. § 1332,[4] inasmuch as the parties are citizens of different states[5] and the amount in controversy exceeds $50,000.00.[6] In a diversity action such as this, the general rule is that the court will apply the law of the state where the cause of action occurred unless with respect to some particular issue another state has a more significant relationship to the occurrence or the parties. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Davis v. National Gypsum Co.,* 743 F.2d 1132, 1133 (5th Cir.1984). In the instant case, because the incident trig-

$50,000, exclusive of interest and costs, and is between—
(1) citizens of different States; . . .

**5.** Plaintiff is a San Antonio, Texas, company authorized to do business in Mississippi. Defendant City of Brandon is a Mississippi municipality and political subdivision of the State of Mississippi located in Rankin County, Mississippi. Defendant Bruce Kirby is an adult resident citizen of Ridgeland, Mississippi.

**6.** The plaintiff in the underlying complaint, Rex Harris, seeks damages in the amount of $1,675,-000.00.

gering the protection of the subject insurance policy occurred in Mississippi and because the insurance contract was to be performed in Mississippi, this court will apply Mississippi law.

### Analysis

An insurer has an absolute duty to defend a lawsuit filed against its insured in circumstances covered by the policy. *Southern Farm Bureau Cas. Ins. Co. v. Logan*, 238 Miss. 580, 119 So.2d 268, 270–71 (1960); *State Farm Mut. Auto. Ins. Co. v. Taylor*, 233 So.2d 805, 808 (1970). In the event an insurer refuses to defend a suit filed against its insured, the insurer acts at its own peril. *Travelers Ins. Co. v. General Refrigeration & Appliance Co.*, 218 So.2d 724, 726 (Miss. 1969).

In determining whether the duty of the insurer to defend its insured has been triggered, the court must measure the duty by the allegations in the underlying pleadings. *EEOC v. Southern Publishing Co.*, 705 F.Supp. 1213, 1215 (S.D.Miss.1988); *Foreman v. Continental Casualty Co.*, 770 F.2d 487, 489 (5th Cir.1985). If the underlying pleadings state facts which bring the injury within the coverage of the policy, then the insurer is required to defend. *Id.* Conversely, if the pleadings do not state facts which bring the injury within the coverage of the policy, then the opposite is true.

In the absence of an ambiguity, an insurance policy must be construed as written. *Lowery v. Guaranty Bank & Trust Co.*, 592 So.2d 79, 82 (Miss.1991) ("Where the language of an insurance contract is clear and unambiguous, it is not construed in favor of the insured but is construed as written."). As the Mississippi Supreme Court succinctly stated in *Cherry v. Anthony, Gibbs and Sage*, 501 So.2d 416, 419 (Miss.1987):

> [T]he policy itself is the sole manifestation of the parties' intent and no extrinsic evidence is permitted absent a finding by a court that the language is ambiguous and cannot be understood from a reading of the policy as a whole.

On the other hand, where the insurance policy contains terms that are ambiguous or doubtful, well-settled Mississippi law dictates that the doctrine of contra proferentum applies. *State Farm Mutual Automobile Ins. Co. v. Scitzs*, 394 So.2d 1371, 1372 (Miss.1981). Under the doctrine of contra proferentum, ambiguous or doubtful terms and clauses in an insurance policy are to be construed most favorably, wherever reasonably possible, for the insured and against the insurer, especially exclusion clauses. *Id.* It is important to note, however, that rules favoring the insured are only applicable where there is clearly an ambiguity and that courts are cautioned against straining to find an ambiguity. *Lowery v. Guaranty Bank & Trust Co.*, 592 So.2d 79, 82 (Miss.1991). Failure to heed this caution could very well defeat the intentions of the parties. *Brander v. Nabors*, 443 F.Supp. 764, 769 (N.D.Miss.1978); *State Auto. Mut. Ins. Co. of Columbus, Ohio v. Glover* 253 Miss. 477, 176 So.2d 256, 258 (Miss.1965) ("No rule of construction requires or permits the Court to make a contract different from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear."). Furthermore, a court should not give an insurance policy "a strained or unreasonable interpretation, but a fair reasonable and sensible construction, compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement." *Bradley v. Old Republic Life Ins. Co.*, 712 F.Supp. 90, 94 (S.D.Miss.1988). Therefore, "unless the court discerns an ambiguity in the relevant terms of the insurance contract, the Court is required to heed its plain meaning and not strive to accommodate any other suggested construction of its terms." *Canal Indemnity Co. v. Lee's Used Car Sales, Inc.*, 841 F.Supp. 775, 778 (S.D.Miss.1994).

An insured, of course, has an affirmative duty to read the terms and conditions of the insurance policy. *Gulf Guaranty Life Ins. Co. v. Kelley*, 389 So.2d 920, 922 (Miss. 1980) (an insured may not neglect or purposely omit acquainting himself with the terms and conditions of the insurance policy and then complain of his ignorance of them). Accordingly, "a person cannot avoid a written contract [such as an insurance policy] which

he has entered into merely because he failed to read it or have it read to him. Under Mississippi law, unless a party was induced not to read the contract or have it read to him by fraudulent representations made by another party, he will be required to abide by its terms." *Oglesbee v. National Security Fire & Casualty Co.*, 788 F.Supp. 909, 913 (S.D.Miss.1992) (citing *Pedersen v. Chrysler Life Ins. Co.*, 677 F.Supp. 472, 475 (N.D.Miss.1988)).

Having set forth these basic principles of insurance law, the court now turns its attention to issues presented by plaintiff's motion for summary judgment.

There are three issues before the court. The first issue is whether the "occurrence" alleged in the underlying lawsuit is excluded from coverage by plaintiff Titan. The second issue is whether, under allegations of the underlying complaint, defendant Kirby was acting within the scope of his duties as a police officer for the City of Brandon, Mississippi. The third issue is whether the restriction of coverage for multi-jurisdictional law enforcement organizations is applicable or ambiguous. At oral arguments, all the parties agreed that a resolution of the third issue in favor of plaintiff would render a ruling on the remaining issues unnecessary. It is for this reason that the court will discuss the third issue first.

Plaintiff Titan contends that it has no duty to defend defendants in the underlying lawsuit because the alleged actions of defendant Kirby arose out of the conduct of a multi-jurisdictional law enforcement unit, which is specifically not covered by the insurance policy. On the other hand, the defendants contend that because the subject insurance policy fails to define "multi-jurisdictional law enforcement unit," the policy should be declared ambiguous. As such, argues defendants, in accordance with the basic principles of Mississippi insurance law, the insurance policy should be construed against plaintiff and in favor of defendants. Defendant Kirby further contends that because he is being sued in his individual capacity as an officer of the City of Brandon Police Force, the exclusion for the conduct of multi-jurisdictional law enforcement units is irrelevant. Each of these contentions will be discussed separately.

■ Defendants correctly point out that the subject policy does not define the phrase "multi-jurisdictional law enforcement unit." However, the fact that "multi-jurisdictional law enforcement unit" is not defined in the policy hardly makes the phrase ambiguous. As previously stated, section III.D.6 of the subject insurance policy states:

> 6. No person or organization is an insured with respect to the conduct of any partnership, joint venture, multi-jurisdictional law enforcement organization or multi-jurisdictional penal institution that is not shown as named insured in the Declarations.

By its plain terms, no coverage is provided for the conduct of an individual while acting pursuant to a law enforcement organization consisting of more than one jurisdiction.

Furthermore, Brandon's present confusion over the meaning of the phrase "multi-jurisdictional law enforcement organization" is puzzling considering its ability to answer affirmatively to the question on the law enforcement liability application inquiring about the existence of Brandon's membership in any such organization. When asked on the application for insurance to explain its affirmative answer regarding the existence of its membership in a multi-jurisdictional law enforcement organization, Brandon responded, "one man assigned to Richland [7] Drug Task Force." Clearly, Brandon understood then, and this court finds that Brandon understands now, that it belonged to a multi-jurisdictional law enforcement organization.

Accordingly, this court finds that the terms of the subject insurance policy are not ambiguous and, therefore, must be adhered to as written. The exclusion clause relative to membership in a multi-jurisdictional organization plainly applies here and, therefore, Titan has no obligation to defend or indemnify defendants in the underlying action against them.

---

**7.** Richland is a Mississippi municipality located  southwest of Brandon.

With respect to defendant Kirby's claim that the multi-jurisdictional organization exclusion is irrelevant, this court finds this argument also is without merit. Essentially, defendant Kirby argues that, although assigned to a multi-jurisdictional law enforcement organization, he is a Brandon employee and, therefore, should not be denied coverage under the subject policy.

Defendant Kirby's contention fails because it ignores the undisputed facts that: (1) his employer, the City of Brandon, while a named insured in the declaration, is a member of a multi-jurisdictional law enforcement organization which is not a named insured in the declaration; and (2) the alleged conduct of Kirby in the underlying lawsuit occurred while he was assigned and was acting pursuant to the uninsured multi-jurisdictional law enforcement organization. This court already has determined that the multi-jurisdictional law enforcement organizations exclusion clause, which requires all such organizations to be named in the declaration in order to be covered, found at section III.6.D., is clear and unambiguous. Therefore, because defendant Kirby is employed by Brandon which is a member of the Capitol Cities Metro Narcotics Unit, a multi-jurisdictional law enforcement organization not named as an insured in the declaration, and because defendant Kirby was acting in his assigned capacity with the Capitol Cities Metro Narcotics Unit, this court finds Kirby's argument to be unpersuasive.

### CONCLUSION

As previously stated, once the movant has met the Rule 56 burden, in order to survive a summary judgment motion, the non-moving party must set out specific facts showing that a genuine issue exists. *Classic Motel, Inc. v. Coral Group, Ltd.*, 833 F.Supp. 593, 597 (S.D.Miss.1993). Titan has produced the subject policy of insurance, pointed to an exclusion which negates any duty to defend or indemnify and persuaded the court that the policy exclusion is not ambiguous. Neither Brandon nor Kirby has submitted any facts or law which overcomes Titan's basis for a grant of summary judgment. *Celotex*

*Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Accordingly, this court finds that plaintiff is entitled to a judgment as a matter of law, which includes the declaratory relief prayed for with respect to the absence of any duty by Titan to defend or indemnify the defendants' actions or conduct arising from their membership in an uninsured multi-jurisdictional organization. This court will enter a separate judgment in accordance with the local rules.